UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE SANDOVAL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHIFT TRANSMISSIONS,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-CV-305 JLS (JLB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT; (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Grace Sandoval's Motion to Proceed *In Forma Pauperis* ("IFP"), ("IFP Mot.," ECF No. 2), and Motion for Appointment of Counsel, ("Counsel Mot.," ECF No. 3).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of

fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating her average monthly income was $2,000 for the past year, but that she is currently unemployed and does not expect income next month. (IFP Mot. 2–4, 6.)[1] Plaintiff indicates her total monthly expenses are $846.00. (*Id.* at 6.) Although it appears Plaintiff could presently pay the fees and costs, the fact that she is currently unemployed indicates paying the filing fees would pose an undue financial burden on her. Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

---

[1] For ease of reference, page numbers to docketed materials refer to the CM/ECF page number.

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case, Plaintiff filed a Complaint against Shift Transmissions for causing damage to her car. ("Compl.," ECF No. 1.) Plaintiff alleges the owners of Shift Transmissions are involved in "grand theft auto." (*Id.* at 3.) Plaintiff then goes on for seven pages listing names of a multitude of people. Plaintiff alleges these people are involved in fraud, grand theft auto, vandalizing vehicles, false identification, stealing, rape, and more. Plaintiff does not indicate the relevance of these allegations, nor how they relate to the initial allegation of damage to her car. Plaintiff also does not indicate why this case is properly in federal court, and the Court is unable to ascertain from Plaintiff's lengthy Complaint any basis for jurisdiction. It is also unclear if Plaintiff intends to include as

Defendants the multitude of people listed in the Complaint. In sum, Plaintiff's Complaint in no way contains a "short and plain statement of the grounds for the court's jurisdiction" nor a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8. Plaintiff also does not indicate what relief she is seeking, and against who. Therefore, Plaintiff has not met the screening standards of 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a Motion for Appointment of Counsel. (Counsel Mot.) However, it is unclear what Plaintiff is requesting because she indicates, "I agree to pay attorney [sic] to represent me in court." (*Id.* at 4.) The Court analyzes the Motion assuming Plaintiff is requesting the Court appoint counsel.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1). As described above, Plaintiff has failed to file a complaint that explains, through factual allegations, exactly what happened in the case. The Court cannot evaluate Plaintiff's Motion for Counsel without an operative complaint. Furthermore, Plaintiff's Motion has no reason whatsoever why her situation merits appointment of counsel. Therefore, the Court finds that neither the interests of justice nor

any exceptional circumstances warrant appointment of counsel at this time and **DENIES** Plaintiff's motion, (ECF No. 3).

## CONCLUSION

In sum, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2), and **DENIES** Plaintiff's Motion for Counsel, (ECF No. 3). Pursuant to the screening requirements of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1). Plaintiff may file an amended complaint to cure the deficiencies in her Complaint.

**IT IS SO ORDERED.**

Dated: February 12, 2018

Hon. Janis L. Sammartino
United States District Judge